UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO CRAWFORD, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 18-cv-1242-JBM |
| | ) |
| RANDY PFISTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action alleging a due process violation at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff asserts that he was the subject of a December 12, 2012 disciplinary hearing which Defendants Pfister, Hamilton and Joyner did not allow him to attend. He claims, further, that Defendants refused to consider his written defense statement, and refused to call his witness, inmate Smith. Plaintiff alleges that he was found guilty, and suffered sanctions including the

revocation of good time credit. Plaintiff requests declaratory and injunctive relief, including the restoration of his good time credits.

Here, Plaintiff alleges conduct which occurred five and one-half years prior to his filing the complaint. Claims brought under § 1983 are generally governed by a two-year statute of limitations. *Draper v. Martin,* 664 F.3d 1110, 1113 (7th Cir. 2011) ("[i]n Illinois, the statute of limitations period for § 1983 claims is two years, 735 ILCS 5/13-201"). *See also*, *Bray v. Gary Police Dept. Chief*, No. 10-229, 2010 WL 2674531 (N.D. Ind. June 28, 2010) ("[t]he statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court.") *See also, Indep. Tr. Corp. v. Stewart Info. Services Corp.*, 665 F.3d 930 (7th Cir. 2012) ("[a] statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate.")

There is a further impediment as Plaintiff's claim for the restoration of good time credits is barred under *Heck v. Humphrey,* 512 U.S. 477 (1994). "The rule of *Heck v. Humphrey* is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit. To this end, *Heck* bars a plaintiff from maintaining a § 1983 action in situations where 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence...'" *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006). Here, Plaintiff asserts that he was convicted due to Defendants' violations of his procedural due process rights. A finding in his favor would necessarily imply the invalidity of the conviction and is *Heck*-barred.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile as the applicable statute of limitations has run, and Plaintiff is *Heck*-barred from proceeding. This case is closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log. Plaintiff is advised, going forward, that he must reveal this strike in future filings as well as the strike recently assessed in *Crawford v. Sessions*, No. 18-1386 (C.D.Ill. Oct. 22, 2018).

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

11/14/2018
ENTERED

s/Joe Billy McDade
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE